UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEANNE BINGHAM                                          CIVIL ACTION

VERSUS

                                                        NO. 17-1694-SDD-RLB

SAM B. HAYNES, JR., ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 28, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DEANNE BINGHAM**                                      **CIVIL ACTION**

**VERSUS**

**SAM B. HAYNES, JR., ET AL.**                          **NO. 17-1694-SDD-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Remand (R. Doc. 6) filed on December 14, 2017. The motion is opposed. (R. Doc. 14). Plaintiff has filed a Reply. (R. Doc. 16).

**I.     Background**

On October 24, 2017, Deanne Bingham ("Plaintiff") initiated this action in the 19th Judicial District Circuit, East Baton Rouge Parish, Louisiana, naming as defendant Sam B. Haynes, Jr. ("Defendant"). Plaintiff alleges she was injured as a guest passenger aboard Defendant's vessel, the SEA MACK, while trying to exit the vessel. Plaintiff specifically alleges a general maritime negligence claim against Defendant and requests a trial by jury. (R. Doc. 2-1 at 4).

Defendant removed the action on November 22, 2017. (R. Doc. 1). On November 27 2017, Defendant filed an amended notice of removal. (R. Doc. 2). Defendant claims that this Court has federal jurisdiction over Plaintiff's general maritime claim pursuant to 28 U.S.C. § 1333, in light of the 2011 amendments to 28 U.S.C. § 1441. (R. Doc. 2).

On December 14, 2017, Plaintiff filed a Motion for Remand on the basis that general maritime claims are not removable despite the 2011 amendments to U.S.C. 28 § 1441. (R. Doc. 6).

1

## II. Arguments of the Parties

In support of remand, Plaintiff submits that the changes to § 1441 did not affect the long-established lack of federal original jurisdiction over general maritime claims filed in state court, in light of the "saving to suitors" clause of § 1333. (R. Doc 6-1). Plaintiff argues that Defendant wrongly relies on decisions finding that general maritime claims are removable even absent some other basis for removal. (R. Doc. 6-1 at 2-4).

In opposition, Defendant argues that federal courts have original jurisdiction over maritime claims, and the "saving to suitors" clause does not guarantee a state court forum. (R. Doc. 7 at 2). Defendant argues that the express wording of § 1441(a) allows the removal of any claim within original federal jurisdiction, including maritime actions, unless expressly prohibited by Congress. (R. Doc. 7 at 3-4). Defendant further argues that various decisions support a finding of jurisdiction in light of the 2011 amendments. (R. Doc. 7 at 5-7). Finally, Defendant argues that because the Fifth Circuit has not yet ruled on the effect of the 2011 amendments to § 1441, the court should delay its ruling until the Fifth Circuit has issued a decision in *Sangha v. Navig8 Ship Management PTE LTD*, Case No. 17-20093. (R. Doc. 7 at 7-8).[1]

In reply, Plaintiff argues, among other things, that the majority view provides that the 2011 amendments did not upset the long standing rule that general maritime law claims are saved to suitors, and not removable to federal court. (R. Doc. 16).

---

[1] Defendant filed a separate Motion to Stay or Refrain from Ruling Pending Decision by the Fifth Circuit Court of Appeals (R. Doc. 9) on January 4, 2018. Plaintiff opposed the motion. (R. Doc. 14). The Court denied the motion as moot on the basis that the Fifth Circuit issued its decision on February 5, 2018. (R. Doc. 19). *See Sangha v. Navig8 Ship Management PTE LTD*, No. 17-20093, -- F. 3d --, 2018 WL 706518 (5th Cir. Feb. 5, 2018). That decision did not address the effect of the 2011 amendments to § 1441.

**III.    Law and Analysis**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  The federal removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Federal district courts have original jurisdiction over admiralty and maritime cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333.

Prior to the 2011 amendment, 28 U.S.C. § 1441 provided, in pertinent part, the following:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (2011).

Under this previous version of § 1441, the Fifth Circuit recognized that "[e]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do

3

not have removal jurisdiction over maritime cases which are brought in state court." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959)). Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed. *Barker*, 713 F.3d 208, 221-22; *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003).

> Section 1441 was amended in 2011, and now provides the following:
>
> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

As amended, § 1441 no longer makes a distinction between claims "arising under the Constitution, treaties or laws of the United States" and "other such action[s]." Instead, § 1441(b) now explicitly pertains only to removals based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Following the 2011 amendments, some decisions concluded that the changes to the second sentence of 28 U.S.C. § 1441(b) (as it read prior to the 2011 amendments) removed the statutory basis for the non-removability of admiralty claims in the absence of another basis for

4

jurisdiction as stated by the Fifth Circuit. *See*, *e.g.*, *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772 (S.D. Tex. 2013) (denying motion for remand because all of plaintiff's claims are admiralty claims over which a federal district court has original jurisdiction and the revised removal statute does not limit the removal of those claims). Decisions in this district originally followed the *Ryan* decision, including decisions by the district judge in this action. *See Provost v. Offshore Serv. Vessels, LLC*, No. 14-89-SDD-SCR, 2014 WL 2515412 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Co.*, No. 13-742-SDD-SCR, 2014 WL 1330547 (M.D. La. Apr. 1, 2014); *Harrold v. Liberty Ins. Underwriters, Inc.*, No. 13-762-JJB-SCR, 2014 WL 688984 (M.D. La. Feb. 20, 2014); *Bridges v. Phillips 66 Co.*, No. 13-477-JJB-SCR, 2013 WL 6092803 (M.D. La. Nov. 19, 2013).

The foregoing decisions are now clearly of the minority position. A recent decision by another district judge in this district stated, in remanding a removed general maritime action, that there is a "growing chorus of district courts that have concluded that the [2011 amendments] did not upset the long-established rule that general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty." *Langlois v. Kirby Inland Marine, LP*, 139 F. Supp. 3d 804, 809 (M.D. La. 2015) (citation omitted) (collecting cases); *see also Gregoire v. Enter. Marine Services, LLC*, 38 F. Supp. 3d 749, 754 (E.D. La. Aug. 6, 2014) ("Though some district courts have followed *Ryan's* reasoning, this Court concludes that it is precisely the statutory grant of admiralty jurisdiction, 28 U.S.C. § 1333, and more than 200 years of precedent interpreting this grant rather than the 2011 amendment to the removal statute that determine the removability of [the plaintiff's general maritime law] claims. In short, general maritime law claims are not now removable—nor have they ever been—without an independent basis of jurisdiction other than 28 U.S.C. § 1333. . . .")

5

(internal quotation and citation omitted). As things currently stand, there is a split within this district on this issue.

It should also be noted that, in light of developments in the relevant jurisprudence, the district judge who authored the *Ryan* decision has adopted the majority position that the 2011 amendments to the removal statute did not displace the saving to suitors clause and, therefore, admiralty jurisdiction does not provide an independent basis for removal. *See Sanders v. Cambrian Consultants (CC) Am., Inc.*, 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015).

The Fifth Circuit has "not yet spoken directly on this issue." *Riverside Const. Co., Inc. v. Entergy Mississippi, Inc.*, 626 Fed. App'x. 443, 447 (5th Cir. Sept. 17, 2015). The Fifth Circuit has recently noted, however, that the "vast majority of district courts considering the question have maintained that such lawsuits are not removable," further characterizing the disagreement as "lopsided" in favor of precluding removal. *Sangha v. Navig8 Ship Management PTE LTD*, No. 17-20093, -- F.3d --, 2018 WL 706518, at *2 (5th Cir. Feb. 5, 2018).

In this case, the removing defendant has not argued, much less established, that there is complete diversity between the parties and an independent basis for finding diversity jurisdiction pursuant to 28 U.S.C. § 1332. Indeed, given the allegations in the Petition, it appears that both Plaintiff and Defendant are citizens of Louisiana. (R. Doc. 2-1 at 2). Accordingly, under the majority position, remand of the action would be appropriate in light of the "saving to suitors" clause of 28 U.S.C § 1333.

Given the developments in the jurisprudence since the district judge in this action addressed the issue in 2014, *see Provost*, 2014 WL 2515412; *Garza*, 2014 WL 1330547, the undersigned recommends that the district judge consider, in light of the further analysis in this

and our sister districts, whether the majority position is correct that the 2011 amendments to the removal statute did not displace the savings to suitors clause as an independent bar to removal.

Remand is also appropriate, however, on the more narrow ground that the plaintiff in this action sought a jury trial in state court. Remanding the action on this basis would also be consistent with the instant district judge's prior rulings, and, as set forth below, the undersigned recommends remand on that basis. *See Provost*, No. 2014 WL 2515412 (denying remand of general maritime action in light of 2011 amendments to § 1441 where the plaintiff did not seek the remedy of a jury trial in state court).

Regardless of the 2011 amendments, removal of a general maritime claim in which the plaintiff has sought the remedy of a jury trial in state court would be improper given that a jury trial is unavailable in admiralty in federal court. Indeed, the Supreme Court has determined that "[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors" under the saving to suitors clause. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001). "One of the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial." *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011) (citing *Waring v. Clarke*, 46 U.S. 441, 460 (1847)). The Fifth Circuit has specifically stated that the saving to suitors clause "does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies*." *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150, 153 (5th Cir. 1996) (emphasis in the original).

Plaintiff's claims rest solely on maritime law. Notwithstanding the 2011 amendments to the removal statute, allowing removal of general maritime claims for which a jury trial is sought would deprive the plaintiff of this remedy available in state court. Accordingly, the saving to suitors clause prohibits the removal of this particular action in light of the jury demand made in

7

state court. *See Barry v. Shell Oil Co.*, No. 13-6133, 2014 WL 775662 (E.D. La. Feb. 25, 2014); *Milstead v. Total Petrochemicals & Ref. USA, Inc.*, No. 14-148, 2014 WL 4829610, at *3 (M.D. La. Sept. 29, 2014); *see also Perise v. Eni Petroleum, U.S. L.L.C.*, No. 14-99, 2014 WL 4929239, at *5 (M.D. La. Oct. 1, 2014) ("If OCSLA was not a basis for this court's jurisdiction, then Plaintiff's maritime claims may warrant remand under the "savings to suitors" clause because of his jury demand."); *cf Provost*, 2014 WL 2515412, at *3 (distinguishing *Barry* because the plaintiff did not request a jury trial).

In sum, regardless of whether the district judge adopts the majority position discussed in *Langlois*, remand of the instant action is appropriate.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on February 28, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**